UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVAREZ MILLINE, as Personal Representative
of the Estate of DEMETRIE MILLINE, deceased,

    Plaintiff,

v.                                        Case No. 17-12723

COUNTY OF MACOMB, et. al,          HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 71)
AND
DIRECTING SUPPLEMENTAL PAPERS ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 82)**

I.

This is a prisoner civil rights case involving a jail death under 42 U.S.C. § 1983. Plaintiff Alvarez Milline, as personal representative of the estate of Demetrie Milline sued several defendants, claiming deliberate indifference to Demetrie's serious medical needs in violation of the Eighth Amendment. The lawsuit stems from Demetrie's death from a pulmonary embolism while he was incarcerated at the Macomb County Jail. The named defendants are:[1]

---

[1] Plaintiff also names Nicolaus Kuehan and "John Doe" and "Jane Doe." It appears Kuehan has not been served or otherwise appeared in the case. Doe defendants are not proper. Accordingly, Kuehan and the Doe defendants are DISMISSED.

>           Macomb County[2]
>           Anthony Wickersham
>           Michelle Sanborn
>           Correctcare Solutions, LLC[3]
>           Lawrence M. Sherman
>           Temitipe Olagbaiye
>           Cynthia Deview
>           Nurse Allison LaFriniere
>           Avery Hope
>           Jamie Kneisler (later dismissed)
>           Linda Parton
>           Tiffany Deluca (later dismissed)
>           M Franks (later dismissed)
>           Germain Ferrer (later dismissed)
>           Mallory Van Nickerk (later dismissed)
>           Mical Bey-Shelley (later dismissed)
>           David Arft
>           Monica Cueny

Plaintiff filed a complaint (ECF No. 1), a First Amended Complaint (ECF No. 27) and a Second Amended Complaint (ECF No. 53). The amended complaints added parties and more detailed factual allegations. The governing complaint, the Second Amended Complaint, contains the most detail and asserts the following claims:

>    Count I - violation of § 1983 against the Macomb County Defendants
>
>    Count II - violation of § 1983 against Correctcare and individual defendants Arft, Cueny, and Sherman in their official capacities
>
>    Count III - violation of § 1983 - supervisor liability - against Sherman
>
>    Count IV - violation of § 1983 against the Correctcare Defendants
>
>    Count V - gross negligence under state law

---

[2] Macomb County, Wickersham, and Sanborn will be collectively referred to where appropriate as "the Macomb County Defendants."

[3] Correctcare Solutions and the individual defendants listed below it will be collectively referred to where appropriate as "the Correctcare Defendants."

II.

As to the Macomb County Defendants, Sanborn and Wickersham filed separate motions to dismiss the Second Amended Complaint (ECF Nos. 58, 59). Macomb County filed an answer (ECF No. 60). Macomb County later filed a motion for summary judgment (ECF No. 84). While their motions to dismiss were pending, Sanborn and Wickersham also filed separate motions for summary judgment. See ECF Nos. 85, 85. Plaintiff later settled with the Macomb County Defendants. The pending motions were then terminated. Because the Macomb County Defendants are no longer in the case, the Court will not comment further on their motions papers.

III.

As to the Correctcare Defendants, they answered both the Complaint (ECF Nos. 19, 20, 21, 22, 23) and the First Amended Complaint (ECF No. 31). They also filed affirmative defenses (ECF No. 32). The parties then engaged in discovery for several months. During discovery, plaintiff filed a Second Amended Complaint (ECF No. 60). This time, the Correctcare Solutions Defendants did not file an answer. Instead, they filed a motion to dismiss (ECF No. 71). Like the Macomb County Defendants, before waiting for a decision on the motion to dismiss, the Correctcare Defendants filed a motion for summary judgment (ECF No. 82). Both motions are pending before the Court.

The motion papers relating to the Correctcare Defendants are confusing and deficient. First, as to the motion to dismiss, the Correctcare Defendants relied on matters outside the pleadings inasmuch as they furnished Demetrie's medical records and the deposition testimony of Olagbaiye and Kneisler. Indeed, the motion to dismiss

3

was filed after the parties had engaged in months of discovery and after they had answered both the Complaint and the First Amended Complaint. Having reviewed the papers on the Correctcare Defendants' motion to dismiss, the Court is satisfied that plaintiff has sufficiently plead plausible claims against all of the Correctcare Defendants as set forth in the Second Amended Complaint. Moreover, it is more efficient to deal with the arguments as presented in the Correctcare Defendants' motion for summary judgment.[4] Accordingly, the Correctcare Defendants' motion to dismiss is DENIED.

Second, regarding the motion for summary judgment, neither party complied with the Court's motion practice guidelines. The motion practice guidelines were attached to the initial scheduling order and are available on the Court's website. For convenience, another copy is attached to this order. Notably, the Correctcare Defendants did not file a statement of material facts not in dispute. Neither party highlighted the exhibits, of which there are many. Neither party highlighted the case law they provided. Finally, the Correctcare Defendants did not provide a Judge's copy of their reply brief and exhibits (ECF No. 100). The Court cannot effectively deal with the motion for summary judgment on the papers as currently filed.

Accordingly, the Correctcare Defendants shall file a statement of material facts not in dispute within ten (10) days of this order. Plaintiff shall file a response and any additional facts within ten (10) days after. Then, the parties shall work to prepare a joint statement to be filed no later than thirty (30) days from the date of this order. The

---

[4]To the extent that there are grounds to dismiss the official capacity claims and supervisory claims, the Court will consider then because the Correctcare Defendants reasserted the dismissal arguments in the summary judgment motion.

Judge's copies of the exhibits and case law shall be picked by the parties and returned highlighted within thirty (30) days. Upon receipt of all of the above, the Court will have a hearing on the motion for summary judgment.

SO ORDERED.

                                              <u>S/Avern Cohn</u>
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: 11/6/2019
      Detroit, Michigan